```
                                                    FILED
                                                  JAN 14 2009
                                              CLERK, U.S. DISTRICT COURT
                                             EASTERN DISTRICT OF CALIFORNIA
                                             BY _____
                                                      DEPUTY CLERK
```

1  PAUL L. REIN, Esq. (SBN 43053)
   JULIE OSTIL, Esq. (SBN 215202)
2  CELIA MCGUINNESS, Esq. (SBN 159420)
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Dr., Suite A
   Oakland, CA 94612
4  Telephone: (510) 832-5001
   Facsimile: (510) 832-4787

5  Attorneys for Plaintiff
   SUZANNE GARCIA and TAMMY DENNISON
6
   MICHAEL G. WOODS, Esq. (SBN 58683)
7  MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
   P.O. Box 28912
8  5 River Park Place East
   Fresno, CA 93720
9  Telephone: (559) 433-1300
   Facsimile: (559) 433-2300
10
11 Attorneys for Defendants
   UNITED SECURITY BANK and UNITED SECURITY
12 BANCSHARES

13

14              UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF CALIFORNIA
15
   SUZANNE GARCIA and TAMMY          Case No. 1:08-CV-00561-LJO-DLB
16 DENNISON
                                      Civil Rights
17        Plaintiffs,
       v.
18                                   **CONSENT DECREE AND**
   UNITED SECURITY BANK NA; UNITED    [~~PROPOSED~~] ORDER
19 SECURITY BANCSHARES; AND DOES 1-
   10, INCLUSIVE,
20
21        Defendants,
                                   /
22

Consent Decree and Order: Case No.                                    Page 1 of 7
1:08-CV-00561-LJO-DLB                    S:\jo\Cases\U.S.\United Security Bank\pleadings\US Bank Consent Decree and
                                                                  [Proposed] Order ((final).doc

## CONSENT DECREE AND ORDER

1. Plaintiffs SUZANNE GARCIA and TAMMY DENNISON ("plaintiffs") filed a Complaint in this action on April 23, 2008, to obtain recovery of damages for their discriminatory experiences, denial of access, and denial of civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, UNITED SECURITY BANK, NA; UNITED SECURITY BANCSHARES ("defendants"), relating to the condition of the public accommodations at the United Security Bank located at 145 East Durian Ave. Coalinga, California. Plaintiffs have alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health and Safety Code by failing to provide full and equal access to their facilities at the United Security Bank.

2. Defendants deny the allegations in the Complaint and by entering into this Consent Decree do not admit liability to any of the allegations in Plaintiffs' Complaint filed in this action. The parties hereby enter into this Consent Decree for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION:**

3. The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; 54.3; and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims ~~regarding~~ PLR SO + TD ~~injunctive relief~~ raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiffs' claims, PER SO + TD ~~for injunctive relief.~~

5. WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

6. This Order shall be a full, complete, and final disposition and settlement of all plaintiffs' claims against Defendants ~~for injunctive relief~~ *and damages* that have arisen out of the acts or omissions alleged or which could have been alleged in the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

7. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

8. <u>Remedial Measures</u>:

**A) Inclined Route**: Construct an accessible path of travel between the East Durian St. entry door and the public sidewalk, via an inclined route that will include handrails on both sides if the incline of the route exceeds 5.0% slope.

**B) Level Landing:** Provide a clear and level landing that encompasses the floor areas at the top of the inclined route; at the exterior side of the Durian St. entry door; in front of the ATM; and in front of the night deposit box.

**C) Step to West Walkway**: Where constructing a new level landing in the vicinity of the night deposit box, results in an abrupt change of floor level between the new landing and the existing walkway, perform either Option-1 or 2.
 • **Option-1**: Allow passage across the change of level via a step that includes required handrails on each side, per **Exhibit A**, a drawing by Karl Danz.
 • **Option-2**: Block pedestrian passage by installing a wall or guardrail.

**D) Steps to Durian St. Sidewalk**: Where constructing a new level landing that extends southward from the Durian St. entry door to the public sidewalk, results in an abrupt change of level between the new landing and the sidewalk, perform either Option 1 or 2.
 • **Option-1:** Allow passage across the change of level via steps that include required handrails, per Exhibit **A**.
 • **Option-2**: Block pedestrian passage by installing a wall or guardrail.

**E) Parking:** Replace the existing accessible parking space with a new, van-accessible parking space located in the southeast corner of the parking lot, as shown in Exhibit A.

**F) Miscellaneous:** Provide the following items that are not shown in Exhibit A.
1. Provide all code required parking signage, including a "tow-away" enforcement sign, located at the vehicle entrance to the parking lot or at a location that is clearly visible from the accessible parking space.
2. Adjust the south, bank entrance door (facing Durian St.) so that no more than 5-lbs. of force is needed to open the door.
3. Install a symbol of access (6" x 6" decal) at both bank entry doors.
4. Limit the swing of the south entry door so that when opened, its leading edge is no closer than 36-inch to the face of the ATM. Install either a chain between the door transom and the top of the door, or a floor-mounted doorstop, or install an equivalent means of limiting the door's swing.

9. <u>Timing of Injunctive Relief</u>: Defendants will submit plans for all corrective work to the appropriate governmental agencies within 30 days of the entry of this consent decree by the Court. Defendants will commence work within 30 days of receiving approval from the appropriate agencies. Defendants will complete the work within 30 days of commencement. For work not requiring building permits, the work will be completed within 60 days of entry of this Consent Decree and Order by the Court. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, within the stipulated timeframes. Defendants or their counsel will notify Plaintiffs' counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify Plaintiffs' counsel when the corrective work is completed, and in any case will provide a status report no later than 120 days from the entry of this Consent Decree.

10. If Plaintiffs contend any or some portion of the corrective construction work to be completed under this Consent Decree has not been carried out correctly, Plaintiffs will provide written notice to Defendants and their counsel detailing in what respects Plaintiffs contend the premises are not compliant. Within 14 calendar days of receiving this notice, Defendants will respond to this notice. If the parties are not able to agree upon a course of action, they will hold a meet and confer within 30 calendar days of Plaintiffs' written notice and

1  will use their best efforts to resolve the dispute informally. If the parties are still not able to

2  agree, they will submit the matter to the judge then assigned to the case.

3  **DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

4  11. ~~The parties have not yet reached an agreement regarding Plaintiffs' claims for~~ Defendants shall pay plaintiffs Suzanne Garcia and Tammy Dennison

5  ~~damages, attorney fees, litigation expenses and costs. These issues shall be the subject of~~ PLR SS TD Defendant shall pay

6  ~~further negotiation, litigation, and/or motions to the court.~~ damages, attorneys Fees, litigation expenses and costs in the amount of $30,883 within 15 days. PLR, SS + TD

7  **ENTIRE CONSENT ORDER:**

8  12. This Consent Decree and Order and Attachment A to this Consent Decree,

9  which is incorporated by this reference as if fully set forth in this document, constitute the PLR SS TD

10  entire agreement between the signing parties on all the matters ~~of injunctive relief~~ and no other

11  statement, promise, or agreement, either written or oral, made by any of the parties or agents of

12  any of the parties, that is not contained in this written Consent Decree and Order, shall be

13  enforceable regarding all the matters ~~of injunctive relief described herein.~~ arising from the complaint. PLR SS TD

14  **CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

15  13. This Consent Decree and Order shall be binding on Plaintiffs SUZANNE

16  GARCIA and TAMMY DENNISON; Defendants UNITED SECURITY BANK NA; UNITED

17  SECURITY BANCSHARES; and any successors in interest. The parties have a duty to so

18  notify all such successors in interest of the existence and terms of this Consent Decree and

19  Order during the period of the Court's jurisdiction of this Consent Decree and Order.

20  **MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO**

21  ~~INJUNCTIVE RELIEF ONLY:~~ ALL MATTERS PSB TD

22  14. Each of the parties to this Consent Decree understands and agrees that there is a

23  risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them

24  will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which

25  are unknown or unanticipated at the time this Consent Decree is signed. Except for all

26  obligations required in this Consent Decree, the parties intend that this Consent Decree applies

27  to all such further loss with respect to the Lawsuit, except those caused by the parties

28

Margin note: $101,000. each, for all damage claims (whatsoever) by check within 15 days of today. Payable to "Paul Rein in trust."

subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

15. For all obligations required in this Consent Decree, and including the referenced claims for damages, statutory attorney fees, litigation expenses and costs, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

16. This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

18. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

19. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: x 01/14/ , 2009

x *(signature)*
Plaintiff SUZANNE GARCIA

Dated: 01/14 , 2009

*(signature)*
Defendant TAMMY DENNISON

Dated: 1/14 , 2009

*(signature)*
Defendant UNITED SECURITY BANK NA
Senior Vice President & Chief Financial Officer

Dated: 1/14 , 2009

*(signature)*
Defendant UNITED SECURITY BANCSHARES
Senior Vice President & Chief Financial Officer

///
///
///

APPROVED AS TO FORM:

Dated: 1/14/09, 2008

PAUL L. REIN
CELIA MCGUINNESS
LAW OFFICES OF PAUL L. REIN

JULIE OSTIL
LAW OFFICE OF JULIE OSTIL

Attorneys for Plaintiffs
SUZANNE GARCIA AND TAMMY
DENNISON

Dated: 1/14, 2009

MICHAEL G. WOODS
MCCORMICK BARSTOW ET AL

Attorneys for Defendants UNITED SECURITY
BANK NA; UNITED SECURITY
BANCSHARES

## ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

Dated: Jan 14, 2009

HON. LAWRENCE J. O'NEILL
U.S. DISTRICT JUDGE

Consent Decree and Order: Case No.
1:08-CV-00561-LJO-DLB

Page 8 of 7
S:\jo\Cases\U\United Security Bank\pleadings\US Bank Consent Decree and
[Proposed] Order (final).doc

**Exhibit A**



United Security Bank
145 E. Durian Street
Coalinga, CA

Proposed Access to Building,
ATM Machine and Night Deposit Box